IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DOSWELL and RAYMOND THOMAS LOWRY, <br><br> Plaintiffs, <br><br> -vs- <br><br> CITY OF PITTSBURGH, DETECTIVE HERMAN WOLF, in his individual capacity, JOHN DOE and RICHARD ROE, Unknown Police Department Supervisors of Defendant Wolf, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 07-761 |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff, who was exonerated after 19 years of imprisonment for rape, brings suit under 42 U.S.C. § 1983 for several constitutional violations against the detective who investigated the rape, the detective's supervising officers and the City of Pittsburgh. The Defendants assert a variety of defenses to both the § 1983 claims as well as to the supplemental state law claims. The Motion to Dismiss is granted in part and denied in part.

### OPINION

Plaintiff Thomas Doswell ("Doswell") was wrongfully arrested, prosecuted,

1

convicted and imprisoned for over nineteen years on the charge of rape. On August 1, 2005, his conviction was vacated and all charges were dismissed when DNA testing provided conclusive evidence of his innocence. Doswell contends that his conviction was the result of the intentional and systematic misconduct of Defendant Herman Wolf ("Wolf"), then a detective with the City of Pittsburgh Police Department ("the City"), Wolf's supervisors and the unconstitutional policies and practices of the City.

Doswell and his son, Raymond Thomas Lowry ("Lowry") have commenced this action against Wolf in his individual capacity, against John Doe and Richard Roe, the unknown police department supervisors, and the City of Pittsburgh. In Count I, brought against Wolf pursuant to 42 U.S.C. § 1983, Doswell contends that Wolf's actions violated his 4th, 5th, 8th and 14th Amendment rights. Lowry, who was a minor at the time Doswell was arrested, contends that Wolf's action deprived him of the 14th Amendment familial and associational rights. In Count II, which is asserted against the City, Doswell and Lowry contend that the constitutional violations referenced in Count I were caused by the City's policies and practices, including a failure to properly train. Finally, in Count III, Doswell and Lowry assert claims against Wolf, Doe and Roe under Articles 1, 8, 9 and 13 of the Pennsylvania Constitution as well as common law claims of false imprisonment, negligent infliction of emotional distress and malicious prosecution.

The Defendants have filed a joint Motion to Dismiss and raise several

arguments in support of dismissing the claims in their entirety. See Docket No. [7].[1] For the reasons set forth below, the Motion is granted in part and denied in part.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272 at * 1 (3d Cir. July 16, 2007). However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). In order to survive a motion to dismiss, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id., at 1969.

## ANALYSIS

I. *The § 1983 Claims Are Timely*

Doswell and Lowry assert a variety of constitutional claims under 42 U.S.C. § 1983 against the City, Wolfe, Doe and Roe. Doswell contends that Wolf violated his:

> right to be free from false arrest and imprisonment, malicious prosecution, use of false or perjured testimony, unlawful conviction and incarceration, and cruel and

---

[1] Doswell and Lowry do not oppose some of these arguments. For instance, they concede that, under Jones v. City of Philadelphia, 890 A.2d 1188 (Pa. Commw. 2006), app. denied, 909 A.2d 1291 (2006) "there is no direct claim for a violation of the state Constitution." See Docket No. 12, p. 7. Consequently, all state constitutional claims are dismissed and the Motion is granted in this regard. Similarly, Doswell and Lowry have clarified that they do not intend to advance any common law tort claims against the City. As such, I need not consider whether the Political Subdivision Tort Claims Act would bar such claims. Finally, Doswell and Lowry concede that their claims for false arrest, whether asserted under Section 1983 or as common law claims, are barred as untimely. See Docket No. 12, p. 5.

3

>    unusual punishment. He was further denied his right to a
>    fair trial, his right not to have evidence fabricated against
>    him, to the required disclosure of exculpatory and
>    impeachment evidence, and to fair identification
>    procedures, all in contravention of the Fourth, Fifth,
>    Eighth and Fourteenth Amendments... .

See Complaint, ¶ 46. Doswell and Lowry contend that the City, Doe and Roe caused these constitutional violations by "their policies and practices regarding photographic identification procedures, and their failure, with deliberate indifference, to properly train, supervise, and discipline detectives and other police officers... ." Id. ¶ 49.[2]

The Defendants insist that these federal constitutional claims are barred by the statute of limitations pursuant to the Supreme Court's recent decision in Wallace v. Kato, 127 S. Ct. 1091 (2007). The Wallace Court addressed the specific issue of when the statute of limitations begins to run on a § 1983 claim seeking damages for a false arrest / false imprisonment in violation of the Fourth Amendment. The Supreme Court concluded that the claim accrues when the claimant becomes detained pursuant to the legal process. Once bound over for trial however, the Court explained, "unlawful detention forms part of the damages for the 'entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by the absence of legal process, but by wrongful institution of legal process." Wallace, 127 S. Ct. at 1096 (citations omitted).

---

[2] As stated elsewhere in this Opinion, Lowry also asserts a section 1983 claim based upon the 14th Amendment, but the Defendants do not challenge that claim as untimely, so it is not addressed here.

Thus, I agree with the Defendants that the Wallace decision forecloses as untimely the § 1983 claim insofar as it is predicated upon false arrest / false imprisonment. Any such claim would have expired long before this proceeding was initiated. Indeed, Doswell and Lowry concede as much. See Docket No. 12, p. 5.

Yet I reject the Defendants' attempt to read Wallace so expansively as to apply the remainder of the § 1983 claims. They have not directed me to any case law suggesting that the Wallace decision should be read as applying to § 1983 claims predicated upon malicious prosecution, fabrication of evidence, perjured testimony and the like. In fact, the Wallace court expressly acknowledged the difference between a false arrest claim and a malicious prosecution claim, indicating that each claim accrues at a different time. A malicious prosecution claim asserted under § 1983 necessarily impugns the validity of the underlying conviction. It has long been established that when a § 1983 claim would "impug[n] the validity of the plaintiff's underlying conviction," a plaintiff is barred from asserting that claim "unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005), citing, Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Doswell was not exonerated until August 1, 2005. He brought this suit within two years of that date. According to Heck and its progeny, then, the § 1983 claim based upon malicious prosecution is timely. Further, I find that the remaining constitutional violations Doswell and Lowry assert are more akin to malicious prosecution claims and Wallace is distinguishable on that basis. See Cleary v. County of Macomb, Civ. No. 6-15505, 2007 WL 2669102 at *7-8 (E.D.

5

Mich. Sept. 6, 2007) (finding that the Wallace decision is not applicable to § 1983 claims premised on malicious prosecution and fabrication of evidence) and Bibbins v. City of Baton Rouge, 489 F. Supp.2d 562 (M.D. La. 2007) (finding that Wallace did not bar § 1983 claims predicated upon fabrication of evidence, failure to investigate and impermissibly suggesting an identification). Consequently, with the exception of the false arrest / false imprisonment § 1983 claim noted above, the Motion to Dismiss is denied.

## II. *CAUSATION*

Citing to principles of causation, the Defendants insist that the acts taken by the victim, the prosecuting attorney, the presiding judge and the appellate judges would have broken any causation chain arising from Wolf's alleged misconduct and dishonesty. The Defendants rely on the Second Circuit Court's decision in Wray v. City of New York, 490 F.3d 189 (2d Cir. 2007) in support of dismissal on this basis. I find the argument unconvincing.[3]

In Wray, the court determined that a police officer who used an unduly suggestive identification procedure was not liable under § 1983 to the arrestee whose conviction had been set aside. The court reasoned that the officer was not the cause of the arrestee's violation of the right to a fair trial because the officer did not mislead or pressure the prosecutor or the trial judge into using or admitting the testimony. Moreover, the court found, the prosecutor's and the trial judge's

---

[3] Obviously I am not bound by the Wray decision in any event because it was issued by the Second Circuit Court of Appeals.

conduct was beyond the officer's control.

Here, there is more than a mere suggestion that Wolf mislead the prosecutor and trial judge. Doswell and Lowry specifically aver that he deliberately falsified and fabricated evidence, that he engaged in perjured testimony and that he failed to disclose exculpatory testimony. This can fairly be understood as Wolf having mislead the prosecutor and trial judge. Under these circumstances, I cannot state at this juncture with any certainty that the prosecutor's, the victim's, the trial court's or the appellate court's conduct broke the causal chain. Consequently, the Motion to Dismiss is denied without prejudice.

### III. *TORT CLAIMS ACT*

Wolf, Doe and Roe seek the dismissal of the remaining state law claims (malicious prosecution and negligent infliction of emotional distress) pursuant to the Political Subdivisions Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq. While I agree that § 8542 gives these Defendants immunity with respect to the claim for negligent infliction of emotional distress (a fact which Doswell and Lowry do not contest), the Tort Claims Act strips them of immunity where the acts constituted a crime, actual fraud, actual malice or willful misconduct. See 42 Pa. C.S.A. § 8550. "For purposes of the Tort Claims Act 'willful misconduct' is synonymous with the term intentional tort." June v. Spano, Civ. No. 5-1495, 2005 WL 2847311 at * 4 (E.D. Pa. Oct. 27, 2005) (citations omitted). Construed in a light most favorable to them, Doswell and Lowry have alleged enough facts against Wolf, Doe and Roe that, if true, would rise to the level of willful misconduct with respect to the claim of malicious prosecution.

Consequently, this claim will not be dismissed. See Benard v. Washington County, 465 F. Supp.2d 461, 470 (W.D. Pa. 2006) (finding immunity under the Tort Claims Act unavailable for a police officer who was charged with having engaged in malicious prosecution).

### IV. *8th AMENDMENT*

Doswell contends that his imprisonment for nineteen years as a result of a false conviction brought about by pervasive unconstitutional acts constitutes cruel and unusual punishment in violation of the 8th Amendment. He seeks redress under 42 U.S.C. § 1983. The Defendants contend that this claim should be dismissed because Doswell has not alleged "how his incarceration rose to the level of 'cruel and unusual.'" See Docket No. 8, p. 9.

The Defendants have not provided me with any case law, much less any analysis (their entire argument consists of 4 sentences) explaining how spending almost two decades in prison though factually innocent, is not violative of the 8th Amendment. Because it is the Defendants' burden, as the moving party, to convince me that the claim is deficient, and because they have not sustained this burden, the claim will go forward.

### V. *Raymond Lowry*

Raymond Thomas Lowry, who was four years old at the time Doswell was wrongfully incarcerated, contends that the Defendants deliberately violated his familial and associational rights guaranteed by the 14th Amendment. Specifically, Lowry contends that he was deprived of the support, companionship and parenting

8

of his father.  The Defendants seek the dismissal of Lowry's claims.

I reject the Defendants' contention that the Third Circuit court's decision in McCurdy v. Dodd, 352 F.3d 820 (3d Cir. 2003)[4] forecloses Lowry's claim here.  The McCurdy court faced a claim asserted by an estranged father regarding the loss of the companionship of his adult son.  The court recognized that the Due Process Clause of the 14th Amendment provides some protection of the fundamental rights of parents in their relationships with their children. McCurdy, 352 F.3d at 826.  However, it declined to extend that fundamental guarantee to a parent's interest in the companionship of an independent adult child.  Thus, a parent does not have a fundamental interest (typically characterized as the ability to make critical child rearing decisions concerning the care, custody and control of the minor) in such companionship.  Further, the court expressed its hesitation in extending the Due Process Clause to cover official actions that were not deliberately directed at the parent-child relationship. Id., 352 F.3d at 829.

Here, I am faced not with a parent's interest in an adult child's companionship, but with a minor child's interest in a parent's support, companionship and parenting.  Certainly a minor child's need for guidance and

---

[4] The Defendants cite to other decisions from the First, Fifth and Sixth Circuits as well in support of their argument.  I find these cases distinguishable because they do not involve cases by minors.  I do agree that in Shaw v. Shroud, 13 F.3d 791 (4th Cir. 1994) the Fourth Circuit refused to let a minor and her mother proceed on a 14th Amendment claim predicated upon the loss of the father / husband.  Yet the Fourth Circuit court's decision is not binding and the Court was not particularly detailed as to its reasoning.  Further, it appears that other courts have reached contrary decisions. See Curnow v. Ridgecrest Police, 952 F.2d 321 (9th Cir. 1991) and Mambourquette v. Amundson, 469 F. Supp.2d 624 (W.D. Wis. 2007) (declining to grant summary judgment on a minor's claims regarding the loss of companionship of mother, finding that circuit precedent foreclosed only claims asserted by adult children).

9

support differs sharply from that of an adult's.  The McCurdy decision does not address this situation, nor did research disclose any cases in which courts within this Circuit have applied McCurdy to foreclose a child's 14th Amendment right in this context.

Additionally, although the Defendants insist that the McCurdy decision can be read to require action deliberately directed at the parent-child relationship in order to assert a Due Process claim, the Court actually said that "[i]n the context of parental liberty interests, ... the Due Process Clause only protects against deliberate violations of a parent's fundamental rights... ." Id., 352 F.3d at 827-28 (emphasis added).

I do not mean to state that deliberate action might not also be required in the context of a child's 14th Amendment right.  Yet the Defendants have not provided any authority in this Circuit suggesting that it is. Consequently, I decline at this juncture to dismiss Lowry's claims.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


**<u>ORDER OF COURT</u>**

AND NOW, this  **2nd**  day of October, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that  the Motion to Dismiss is granted in part and denied in part.  It is granted insofar as all claims asserted under the Pennsylvania State Constitution are dismissed.  It is also granted

insofar as the common law claims of false arrest / false imprisonment and negligent infliction of emotional distress are dismissed.  Finally, it is granted with respect to the claim asserted under 42 U.S.C. § 1983, but only insofar as that claim is predicated upon false arrest / false imprisonment.  That claim will go forward on all other bases.  The Motion is denied in all other respects.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge