IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Doswell, <br> Raymond Doswell Lowry <br> Plaintiffs, <br><br> vs. <br><br> City of Pittsburgh; Detective Herman Wolf; John Doe and Richard Roe <br><br> Defendants. | Civil Action No. 7-761 |

AMBROSE, Chief District Judge

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Doswell ("Doswell") asserts claims against the City of Pittsburgh and certain of its police officers stemming from his wrongful incarceration. Generally, Doswell contends that Defendant Herman Wolf, the detective on his case, fabricated evidence, used a faulty line up and mug shot procedure, and otherwise manipulated the case in order to obtain a conviction. Doswell also argues that the City's failure to train Wolf and other officers, its failure to implement proper policies, and its practice of not adequately investigating or subsequently disciplining officers charged with police misconduct, created an atmosphere in which his wrongful conviction was permitted to occur.

In pursuing his claims, Doswell propounded Interrogatories and a Request for

Production of Documents. The City failed to timely respond. Accordingly, Doswell filed a Motion to Compel. See Docket No. [28]. The City has countered with a Motion for Protective Order. See Docket No. [31]. Briefly, the City contends that the discovery requests are too broad, too burdensome and seek the production of irrelevant information.

Certain of the City's objections lack merit. For instance, its contention that Doswell is not entitled to information concerning the lineup/mug shot because Pennsylvania state courts found such procedures did not violate any constitutional rights, is unconvincing. The City did not direct my attention to any ruling wherein a court declared the process constitutional. Further, any ruling would have predated Doswell's exoneration. Thus, it is unclear what effect, if any, the doctrines of collateral estoppel or res judicata would have at this juncture.[1] The City similarly provides no citation to authority in support of its argument that changes in practices or policies made after Doswell's conviction are irrelevant. As Doswell points out, case law exists which suggests that post-incident evidence regarding practices and policies can be probative of a municipality's liability. See Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996); Henry v, County of Shasta, 132 F.3d 512 (9th Cir. 1997), amended 137 F.3d 1372 (9th Cir. 1998) and Folely v. City of Lowell, 948 F.2d 10 (1st Cir. 1991). Finally, to the extent that the City has objected to the requests as

---

[1] This is not to suggest that the City based its objection on res judicata or collateral estoppel. Indeed, the City provided no citation of authority in support of its contention that Doswell was not permitted to engage in discovery on an issue which is central to his case.

2

being burdensome in scope of time, I note that Doswell responded to the Motion for Protective Order by limiting that period of time. In short, I find that the City has failed to demonstrate that the information sought is too broad, too burdensome to produce, and / or irrelevant to the issues in the case.

Consequently, the Motion to Compel is GRANTED and the Motion for Protective Order is DENIED.

AND NOW, this 16th day of January, 2008, it is further ORDERED that the Defendant provide to Plaintiff the following discovery on a rolling basis, with all responses being produced no later than February 15, 2008:

1. All discovery requested by Interrogatories 5 and 6 and Requests for Documents 1-4, 7 and 14.

2. All discovery requested by Interrogatories 1, and 3-4 and Requests for Documents 5-6, for the period 1983-2000.

3. With respect to the discovery requested by Interrogatory 2 and Requests for Documents 8-13, provide:

a. All reports by the Office of Professional Standards ("OPS") or any other City agency regarding the disciplinary system of the Pittsburgh Police Department, including audits, statistical analyses, recommendations, and assessments for the period 1983-2000.

b. All civilian complaints alleging improper or illegal arrests, searches, or prosecutions, falsification of evidence or failure to fairly investigate cases, investigations of the complaints, results of the investigations and recommended

discipline, if any, by the OPS for the period 1983-1989.

c. For the same category of cases and investigations set forth in (b), any disciplinary action taken by the Police Department of the City of Pittsburgh with respect to the officers named in the civilian complaints.

d. All rules, regulations, and directives governing the filing and investigation of civilian complaints for the period 1983-1989.

e. All lawsuits filed against the City of Pittsburgh or its police officers that resulted in a judgment or settlement in whole or in part for the plaintiff(s) for the period 1983-1995.

f. All training, directives, or policies regarding the duty of police officers to report misconduct by fellow officers or with respect to a "police code of silence" for the period 1983-1989.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge